UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GLAZING HEALTH AND WELFARE FUND;       )     2:09-cv-02301-ECR-RJJ
SOUTHERN NEVADA GLAZIERS AND           )
FABRICATORS PENSION TRUST FUND;        )     MINUTES OF THE COURT
GLAZIERS APPRENTICESHIP TRAINING       )
TRUST; IUPAT POLITICAL ACTION          )     DATE: January 10, 2011
COMMITTEE; GLAZIERS LABOR              )
MANAGEMENT COOPERATION COMMITTEE;      )
GLAZIERS INDUSTRY PROMOTION FUND;      )
GLAZIERS ORGANIZING FUND; GLAZIERS     )
SAFETY TRAINING TRUST, each acting     )
by and through their designated        )
fiduciaries, John Smirk and/or         )
Rick Polson,                           )
                                       )
          Plaintiffs,                  )
                                       )
vs.                                    )
                                       )
QUEEN CITY GLASS CO., a California      )
Corporation; ERIN ZATEZALO,            )
individually; THE GUARANTEE            )
COMPANY OF NORTH AMERICA USA, a        )
Michigan corporation; JOHN DOES        )
I-X, inclusive; and ROE ENTITIES       )
I-X, inclusive,                        )
                                       )
          Defendants.                  )
_____)

PRESENT:      EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:     COLLEEN LARSEN          Reporter:       NONE APPEARING

Counsel for Plaintiff(s)                      NONE APPEARING

Counsel for Defendant(s)                      NONE APPEARING

MINUTE ORDER IN CHAMBERS

     Now pending are Plaintiffs' motion to strike defenses (#17),
Defendants' motion for leave to file first amended answer (#23),
Plaintiffs' "Motion for Partial Summary Judgment and Motion in Limine on
Enforceability of Subcontract Provision" (#33), Plaintiffs' "Motion for
Partial Summary Judgment on Each of Defendants' Affirmative Defenses"
(#34), Defendants' "Motion in Limine No. One to Exclude All Evidence
Relating to Employment, Wages, Contributions or Any Other Matters for

Employees Other Than Those Directly Employed by Queen City Glass Co."
(#36), Defendants' "Motion in Limine No. Two, for an Order Excluding All
Evidence of Alleged Damages, Contributions Due, Duties or Liabilities Under
the Fourth Cause of Action Against Defendant The Guarantee Company of North
America USA" (#37), and Plaintiffs' "Motion to Dismiss Claims Against The
Guarantee Company of North America USA" (#47).

    Plaintiffs filed their motion to strike defenses (#17) on April 8,
2010, and a motion for partial summary judgment on each of Defendants'
affirmative defenses (#34) on November 29, 2010.  Plaintiffs argue, *inter
alia*, that Defendants' defenses of fraud in the inducement are not legally
viable defenses in a suit of this nature.  In response, Defendants seek
leave to amend (#23) their answer to add defenses for fraud in the
execution and other additional defenses.  The request being timely under
the scheduling order (#21), and Defendants having shown that such defenses
may be brought in this suit, we shall grant Defendants leave to file an
amended answer, and deny as moot Plaintiffs' motions to strike defenses
(#17) and for partial summary judgment on Defendants' affirmative defenses
(#34) with leave to renew by incorporation such motions with any additional
arguments.

    Plaintiffs also seek partial summary judgment (#33) on the
enforceability of the subcontractor provision contained in the collective
bargaining agreement.  Defendants argue in their opposition (#38) and their
motion in limine No. One (#36) that Plaintiffs' complaint does not
sufficiently allege a breach of the subcontractor provision.  Plaintiffs'
argument that their claim for breach of the collective labor agreement
suffices to plead a claim of action based on the subcontractor provision is
unavailing.  The complaint (#1) refers only to Defendants' employees and
does not allege any breach relating to subcontractors.  The complaint,
therefore, did not put Defendants on notice that the subcontractor
provision would be a central part of Plaintiffs' claims against Defendants.
Therefore, Plaintiffs' motion for partial summary judgment and motion in
limine (#33) shall be denied, and Defendants' motion in limine No. One
(#36) shall be granted.

    Defendants argued in their motion in limine No. Two (#37) that
Plaintiffs have no valid claims against The Guarantee Company of North
America USA and therefore any evidence relating to alleged breaches by or
liability of The Guarantee Company of North America USA should be excluded.
Plaintiffs do not oppose the motion, and indeed, filed a motion seeking to
dismiss claims against The Guarantee Company of North America USA (#47).
Therefore, Plaintiffs' motion to dismiss The Guarantee Company of North
America USA (#47) shall be granted, and Defendants' motion in limine No.

Two to exclude evidence relating to any claims against The Guarantee Company of North America USA (#37) shall be denied as moot.[1]

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for leave to file first amended answer (#23) is **GRANTED**.  Defendants shall have twenty one (21) days within which to file the first amended answer after the date of entry of this order.  Plaintiffs' motion to strike defenses (#17) and motion for partial summary judgment on Defendants' affirmative defenses (#34) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for partial summary judgment and motion in limine (#33) is **DENIED** on the basis that a claim for breach of the subcontractor provision has not been properly pled in the complaint.  Defendants' motion in limine No. One (#36) is **GRANTED** on the same basis.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to dismiss claims against The Guarantee Company of North America (#47) is **GRANTED**. Defendants' motion in limine No. Two (#37) is **DENIED** as moot on the basis that Plaintiffs' claims against The Guarantee Company of North America USA shall be dismissed.

**IT IS FURTHER ORDERED** that Plaintiffs may file any motions regarding the amended answer within fifty six (56) days after the first amended answer is filed.  If appropriate, and within twenty one (21) days after the date of entry of this order, the parties may move for an amended scheduling order in light of the present status of the case.

LANCE S. WILSON, CLERK
By _____/s/_____
            Deputy Clerk

---

[1] We note that Defendants strongly object to Plaintiffs' basis for dismissing The Guarantee Company of North America USA in their reply brief (#48) in support of their motion in limine No. Two (#37).  Defendants argue that Plaintiffs brought an improper claim against The Guarantee Company of North America USA, and misrepresented the facts when Plaintiffs sought to dismiss The Guarantee Company of North America USA on the basis that an audit revealed the amount due, Defendants paid the amount, and therefore there is no longer any claim against The Guarantee Company of North America USA as a surety.  Defendants also argue that The Guarantee Company of North America USA is "entitled to its costs, attorney's fees, and other relief due to Plaintiffs' actions."  (D's Reply at 6 (#48).)  Defendants may bring a motion seeking such relief separately.